IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00740-MJW

CARL MEADOWS and

ETC SERVICES, Inc., a Colorado corporation

Plaintiffs.

v.

DONALD MARK EWING and

ASSOCIATION OF GROUP TRAVEL ORGANIZERS INTERNATIONAL, INC., doing business as CME TRAVEL RESOURCES, INC., a Colorado corporation,

Defendants.

---

### (Docket no 31-1) PROTECTIVE ORDER

---

1. **PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action, Civil Action No. 12-cv-00740-MJW (hereinafter "Litigation") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this Litigation would be warranted. Accordingly, the parties hereby petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 on Filing Protected Material, below, that this Protective Order creates no entitlement to file confidential information under seal; any procedures of the District of Colorado must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>:

2.1 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under FED. R. CIV. P. 26(c), including but not limited to any document, file, portions of files, transcribed testimony, or response to a discovery request, including any excerpt, abstract, chart, summary, note, or copy made therefrom – not made available to the public- and designated by one of the Parties in the manner provided in paragraph 2.3 below.

2.2 <u>Counsel</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.3 <u>Designated Material</u>: any Discovery or Disclosure Material designated by a Producing Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" which comprises or contained information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law, or confidential and proprietary information, such as, without limitation, (i) research and development information (including for example, market and demographic research, and product and advertising development); (ii) commercial information (including for example, business plans, business strategies, negotiations, and license agreements); (iii) financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures); (iv) business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents); and (v) personal information (including, for example, compensation, evaluations and other employment information).

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) filed with or presented to the Court or produced, served, or generated during the discovery process, including for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigation and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with the Litigation.

2.6 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

2

nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.7 <u>House Counsel</u>: attorneys who are employees of a Party.

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Litigation.

2.9 <u>Party</u>: any party to the Litigation, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.10 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in the Litigation.

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>:

The protections conferred by this Order shall be understood to encompass not only Designated Material which is expressly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

4. <u>DURATION</u>:

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>:

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify

– so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose a Party to sanctions.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page or segment of electronically stored information that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or non-party offering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty-one (21) days from the time the written transcript becomes available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>:

6.1 <u>Timing of Challenges</u>: Unless a prompt challenge to a Producing Party's designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a

Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements.

The burden of proof in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>:

7.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 regarding Final Disposition, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) Outside counsel of record to any party in connection with the Litigation, and the outside counsel's partners, associates and employees;

(b) Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Litigation is pending or qualified court reporters;

(c) Approved consultants or Experts – excluding employees, officers or directors of a name party – retained by any of the parties or their counsel to consult or testify in the Litigation;

(d) Authors or draftees, addressees, and those who received the documents or information prior to the commencement of the Litigation, or during the Litigation, only if obtained independent and outside of the Litigation and not in violation of this Order; and,

(e) Professional Vendors, including third party contractors and their employees involved in document management or copying services for this litigation and graphic or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the Litigation.

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) Those persons who may have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(b) Such principals, officers, directors, and employees (including House Counsel) of the Receiving Party who have a need to know and have access to such information for the purpose of assisting trial counsel in the Litigation; and

(c) During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (**Exhibit A**).

7.4 <u>Conditions and Procedures on Access to Designated Material by Experts</u>:

(a) Experts. Prior to a Receiving Party giving, showing, disclosing, making available or communicating materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Expert, the party shall:

(i) Serve a notice on the Producing Party, identifying the Expert and the Expert's business address, business telephone number, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the Expert shall be provided under this section. If the most recent curriculum vitae or

resume of the Expert provides the information required under this paragraph, then the information need not be separately provided.

(ii) State in such notice the specific material proposed to be disclosed. In the absence of such specific designation, the notice will be construed as referring to all of the materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of the Producing Party subject to this Order.

(ii) Include with such notice, an executed copy of **Exhibit A** by the Expert and including all the information to be completed therein.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert, unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Producing Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>:

If a Receiving Party is served with a subpoena or an order issued in another legal action that would compel disclosure of any information or items designated in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing no more than five (5) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in the Litigation an

opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Litigation to disobey a lawful directive from another Court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) provide the person or persons to whom unauthorized disclosures were made a copy of this Order, and (d) request such person or persons to execute **Exhibit A**, which is attached hereto.

10. **FILING PROTECTED MATERIAL:**

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Litigation any Protected Material unless it first seeks to file such Protected Material under seal. A Party that seeks to file under ~~seal~~ any Protected Material must comply with any local procedures or policies of the Federal District Court for the District of Colorado. [handwritten: → Restricted Access ←] [handwritten initials/date in margin: MJW 8/16]

11. **FINAL DISPOSITION:**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the termination of the Litigation, including any appeals resulting directly from the Litigation, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With the written permission of the Producing Party, the Receiving Party may destroy the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Producing Party) by the ninety (90) day deadline that affirms that all the Protected Material was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 regarding Duration, above.

12. **MISCELLANEOUS**:

    12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>: No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

STIPULATED AND AGREED TO:

**FOLKESTAD FAZEKAS BARRICK & PATOILE, P.C.**

/s/ Aaron W. Barrick

---

Aaron W. Barrick – No. 27981
Gina B. Masterson – No. 24684
Lindsay J. Miller – No. 42372
Folkestad Fazekas Barrick & Patoile, P.C.
18 S. Wilcox Street, Suite 200
Castle Rock, CO 80104
Telephone: (303) 688-3045
Fax: (303) 688-3189
Email: barrick@ffcolorado.com
Counsel for Plaintiffs

**LYONS GADDIS KAHN & HALL, P.C.**

/s/ John W. Gaddis

---

John Wade Gaddis – No. 6821
Chad A. Kupper – No. 39198
Lyons Gaddis Kahn & Hall, P.C.
515 Kimbark St./P.O. Box 978
Longmont, CO 80501   80502-0978
Telephone: (303) 776-9900
Fax: (303) 776-9100
Email: jgaddis@lgkhlaw.com
Counsel for Defendants

So Ordered. As Amended in pAragraph 10.

Dated: 16TH day of August, 2012.

By the Court:

_____

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Federal Court for the District of Colorado on _____ [date] in the case of CARL MEADOWS and ETC SERVICES, Inc. v. DONALD MARK EWING and ASSOCIATION OF GROUP TRAVEL ORGANIZERS INTERNATIONAL, INC., doing business as CME TRAVEL RESOUCES, INC., Civil Action No. 12-cv-00740-MJW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Federal Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with the Litigation or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____